FORM 3015-1 CHAPTER 13 PLAN
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

----------------------------------

**IN RE:**                                                                                          MODIFIED CHAPTER 13 PLAN

DATE 6/7/2013

KENNETH AND EILEEN KLOSS                                                    CASE NO. 13-31442

----------------------------------

**1. DEBTOR'S PAYMENTS TO TRUSTEE**

a. As of the date of the plan, debtor has paid the trustee         $1,750.00

b. After the date of this plan, debtor will pay the trustee        $1,200.00  per month for        58  months beginning

June 2013 for a total of                 $71,350.00  The minimum plan length       60  months from the date of the initial plan payment

unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee:         $0.00

d. The Debtor will pay the trustee a total of:   $71,350.00          {line 1a + line 1b +line 1c}

**2. PAYMENTS BY TRUSTEE** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments or,    $7,135.00         {line 1d x .10}

**3. ADEQUATE PROTECTION PAYMENTS 1326 (a) (1) C)**    The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Month | TOTAL PAYMENTS |
|---|---|---|---|
| a. | | | $0.00 |
| b. | | | |
| d. TOTAL | | | $0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES §365 -** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in # 7

| Creditor | Description of Property |
|---|---|
| a | |
| b. | |

**5. CLAIMS NOT IN DEFAULT** Payments on the following claims are current and the debtor will continue to make all payments which come due after the date the petition was filed directly to the to the to the creditors. The creditors will retain their liens. The creditor can continue to invoice the debtor.

| Creditor | Description of Property |
|---|---|
| a. Homeward Residential | home |
| b Falcon National Bank | rental property |
| c. | |

**6. HOME MORTGAGES IN DEFAULT (sec. 1322(b)(5) and 1322 (e)).** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens. *__All following entries are estimates__*.  The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a | | | | | |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL | $0.00 | $0.00 | | | $0.00 |

**7. SECURED CLAIMS IN DEFAULT (§ 1322(b)(3) and (5) and §1322(e))** The trustee will cure defaults on the following claims as set forth below.  The debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens, if any.  *__All following entries are estimates, except for interest rate.__*

| Creditor | Amount of Default | Int. Rate (if applicable) | Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. other | $0.00 | | | | | $0.00 |

**8. OTHER SECURED CLAIMS SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below.  The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.
**NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.**

| Creditor | Amount of Claim | Secured Claim | Intrest Rate | Beginning in Month # | Monthly Payments | x | Number of Payments | = | Payments on Account of Claim | (Adequate) Protection from #3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| a. IRS | $49,160.57 | $49,160.57 | 8% | 1 | $1,080.00 | | 55 | | $58,777.00 | $0.00 | $58,777.00 |
| b. | | | | | | | | | | | |
| c. Total | $49,160.57 | $49,160.57 | | | | | | | | | $58,777.00 |

**9. PRIORITY CLAIMS** the trustee will pay in full all claims entitled to priority under §507, including the following. *__The amounts listed are estimates__*. The trustee will pay the amounts actually allowed.

| Creditor | Amount of Claim | Monthly Payment | Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney's fees | $0.00 | | | | $0.00 |
| b. IRS | $2,450.61 | $1,080.00 | 56 | 2 | $2,450.61 |
| c. | | | | | |
| f. TOTAL | $2,450.61 | | | | $2,450.61 |

**10. SEPARATE CLASS OF UNSECURED CREDITORS** In addition to the class of unsecured creditors specified in #11, there shall be separate classes of non-priority unsecurity creditors described as follows:

The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (if any) | Claim Amount | Payment | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | | | | | |
| b. | | | | | |
| c. TOTAL | | $0.00 | | | $0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** The trustee will pay the holders of non-priority unsecured claims for which proofs of claim were timely filed, the balance of all payments received by the trustee and not paid under # 2, 3,6, 7, 8, 9 and 10 their pro rata share of approximately    $2,932.39    line 1(d) minus lines 2, 6(d), 7(d) and 8(d), 9 (f) and 10)].

a. The debtor estimates that the total unsecured claims by creditors listed in paragraph 8 are    $0.00
b. The debtor estimates that the total unsecured claims (excluding those in #8 & #10) are    $54,200.44
c. Total estimated unsecured claims are    $    line 11(a) + line 11 (b).    $54,200.44

**12. TARDILY FILED UNSECURED CREDITORS** All money paid by the debtor to the trustee under #1 but not distributed but not distributed by the trustee under #2,3,6,7,8, 9, 10 or 11will be paid to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS**    The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
Income withholding for on-going child support will continue.
THE 3 FALCON BANK LOANS SECURED BY BUSINESS OWNED ASSETS WILL BE SURRENDERED AND THE DEFICIENCY WILL BE PAID AS UNSECURED DEBT.
The debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $2,000 plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.

Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental unit while the case is pending. The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.

**14. SUMMARY OF PAYMENTS-**

| | |
|---|---:|
| Trustee's fee [line 2]............................................ | $7,135.00 |
| Home Mortgage Defaults [line 6(d)]....................... | $0.00 |
| Claims in defaults [line 7(d)]. ...................... | $0.00 |
| Other Secured Claims [line 8(d)]........................... | $58,777.00 |
| Priority claims [line 9f].......................................... | $2,450.61 |
| Separate Class [line 10(C)]..................................... | $0.00 |
| Unsecured Creditors [line 11].............................. | $2,932.39 |
| **TOTAL [must equal line 1(d)]........................** | **$71,350.00** |

ROBERT L KALENDA
919 WEST ST GERMAIN ST STE 2000
ST CLOUD MN 56301                                         SIGNED:__ /e/ Kenneth Kloss
(320)255-8840                                                                            DEBTOR

                                                                    SIGNED:__ /e/ Eileen Kloss
                                                                                         JOINT DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

    Kenneth G. & Eileen M. Kloss,                                              Bky.No. 13-31442 DDO

    Debtors.                                                                   Chapter 13 Bankruptcy

NOTICE OF MODIFICATION OF
CHAPTER 13 PLAN BEFORE CONFIRMATION

TO:    ALL INTERESTED PARTIES

1.    Pursuant to Local Rule 3015-2, the debtors, by their attorney, Robert L. Kalenda, give notice that the court will hold a confirmation hearing on the modified Chapter 13 plan at 10:00 a.m. on July 11, 2013, in Courtroom 2B, 2nd Floor, 316 North Robert Street, US Courthouse, St. Paul, Minnesota.

Dated: 6-26-13

                                                                                   KALENDA LAW OFFICE

                                                    By:    /e/ Robert L. Kalenda
                                                                Robert L. Kalenda
                                                                Attorney for Debtors
                                                                919 West St. Germain, Suite 2000
                                                                St. Cloud, MN 56301
                                                                (320) 255-8840
                                                                MN Registration #53260

UNSWORN CERTIFICATE OF SERVICE

I, Theresa Loch-Thoele, declare under penalty of perjury that on June 26, 2013, I mailed copies of the foregoing Amended Chapter 13 Plan, Notice of Modification of Chapter 13 Plan Before Confirmation and Amended Schedules I & J In Re: Kenneth & Eileen Kloss Bky. No. 13-31442 DDO by first class mail postage prepaid to each entity named below at the address stated below for each entity:

Interested Parties on attached service list

Executed on: 6-26-13

Signed: _____
Theresa Loch-Thoele
KALENDA LAW OFFICE
919 West St. Germain, Suite 2000
St. Cloud, MN 56301

```
KENNETH G KLOSS                  BANK OF AMERICA                  CAPITAL ONE
EILEEN M KLOSS                   PO BOX 851001                    PO BOX 30285
29019 83 ST                      DALLAS TX 75285-1001             SALT LAKE CITY Utah 84130-0285
PIERZ Minnesota 56364



DISCOVER                         FALCON NATIONAL BANK             HOMEWARD RESIDENTIAL
PO BOX 30421                     183 CEDAR DR                     PO BOX 619063
SALT LAKE CITY Utah 841300421    FOLEY Minnesota 56329            DALLAS TX 56364-7707



IRS                              MENARDS                          NELNET LOAN SERVICES
PO BOX 7346                      PO BOX 5226                      PO BOX 82561
PHILADELPHIA PA 19101-73         CAROL STREAM IL 60197-5226       LINCOLN NE 68501-2561



ST GABRIELS HOSPITAL
815 SECOND ST SE
LITTLE FALLS Minnesota 56345
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**KENNETH G KLOSS and EILEEN M KLOSS**

**SIGNATURE DECLARATION**

Debtor(s).

Case No. _____

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
_X_ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 6-24-13

X _/s/ Kenneth G Kloss_　　　　　　　　　X _/s/ Eileen M Kloss_
Signature of Debtor or Authorized Representative　　Signature of Joint Debtor

**KENNETH G KLOSS**　　　　　　　　　　　**EILEEN M KLOSS**
Printed Name of Debtor or Authorized Representative　Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)